GRAND TRUNK RY. CO. v. CENTRAL VERMONT R. CO.

(Circuit Court, D. Vermont. November 27, 1900.)

1. RAILROADS—FORECLOSURE OF MORTGAGE—PREFERRED CLAIMS.

A decree confirming the sale of railroad property in a foreclosure suit to a reorganization committee of bondholders provided that the purchaser should pay such further portions of the bid in cash as should be directed by the court from time to time to meet such claims as should be adjudged superior to the mortgage. The purchaser received all residue of funds belonging to the mortgagor. The reorganization agreement provided for payment of all defaulted interest on the bonds participating by bonds of the new company. Petitioner held coupons from bonds deposited under the reorganization agreement, which matured prior to the company's default, and the money to pay them had been properly deposited, but, because they were not presented, had been used in payment of subsequent coupons; the effect being to swell the residue, which went to the new company. *Held*, that such coupons did not represent "defaulted" interest, within the terms of the reorganization agreement, but that petitioner had acquired a right to the money deposited superior to the mortgage, and was entitled, under the decree, to payment from the new company.

2. SAME—INTEREST.

Where coupons from railroad bonds, not bearing interest by their terms, were not presented for payment at the designated place, where the money was deposited to meet them, and the residue of the fund subsequently passed to a purchaser of the property at foreclosure sale, the holder is not entitled to recover interest from such purchaser.

In Equity. Suit for foreclosure of railroad mortgage. On petition for allowance of preferred claim against the purchaser of the property.

Hollis R. Bailey, for petitioner.
Charles M. Wilds, for petitionee.

WHEELER, District Judge. The first mortgage of the defendant's road was foreclosed in this suit by the American Loan & Trust Company as trustee. In a preliminary agreement of reorganization, it was provided that the bondholders should "receive new bonds for the face of their bonds in cash, as interest from February 1, 1898, to the date of the new bonds, and stock in the new company to the amount of eight per cent. on the face of their old bonds for defaulted interest." There was a decree of foreclosure, and a sale of the property thereunder for $7,000,000. At the foot of the final decree confirming the sale and conveyance it was provided that the grantee or grantees named in such deed, or their assigns, as purchasers, shall, as provided in said decree entered January 27, 1899, also from time to time hereafter, pay such further portions of said bid and purchase price in cash as the court may direct, in order to meet the expenses of foreclosure and sale, and such claims as may, in accordance with the terms of said decree entered January 27, 1899, be allowed a preference over the mortgages thereby foreclosed, or either of them, and be ordered by the court to be paid, and the distributive share due upon all bonds and coupons not deposited in payment of the purchase price. Deposits were made with the American Loan & Trust Company for the payment of interest coupons to, but not including,

those of January 1, 1897. Edward A. Coffin is the owner and holder of prior coupons from bonds deposited under the decree, and by petition asks, under this provision at the foot of the decree, that they be ordered paid. As the bonds from which these coupons came were deposited under the reorganization agreement, if the 8 per cent. of the face of the bonds for defaulted interest included these interest coupons the petitioner would have to be satisfied with that provision. The interest represented by these coupons does not, however, appear to be "defaulted" interest. The money to pay it was deposited according to the bond and mortgage. There was no default of the mortgagor, but this money was left by the holders of the bonds from which these coupons came where it was to be, and was deposited. The 8 per cent. of the face of the bonds is made up of the interest falling due January and July 1, 1897, and January 1, 1898, with one month additional arising from a change of the day of payment. There is no room for these coupons there. If the provision for paying coupons in stock of the new company had been made elastic to cover unpaid coupons, these would, of course, have been brought in; but as it was made arbitrary, allowing no more for those having prior unpaid coupons than for those having only the last three, it appears more clear that only those technically defaulted were intended to be included. The right of the petitioner, as owner and holder of these coupons, to present relief, grows out of the right to the money deposited for their payment, rather than out of the right to share in the proceeds of the sale of the mortgaged property; and that right would not be affected by the distribution of the avails of the sale, unless somehow expressly included. These coupons were not paid from the money deposited for their payment, because they were not presented for payment till after the fund was exhausted by payment of subsequent coupons. This right to the money had become superior to the mortgage. By the agreement and the decree, all residues went to the new company, the Central Vermont Railway Company, the petitionee, and that company should now be charged with the payment of this money which went to swell this residue.

The petitioner asks interest on the coupons from the times when they respectively became payable. They are themselves interest on the bonds, and do not, by their terms, carry interest. As they were not presented for payment where they were payable and the money was ready, no damages arose for nonfulfillment of the contract to pay them, or from detention of the money, and, as no money for paying interest passed to the petitionee, no ground for charging it with interest appears. The petitioner appears to hold and own coupons numbered 1 to 25, inclusive, detached from bonds numbered 2,485 to 2,494, inclusive, being bonds of the denomination of $100 each, $625; coupons numbered 14 to 26, inclusive, detached from bonds numbered 2,411, 3,490, and 3,703, of the denomination of $1,000 each, $975; coupons numbered 14 to 26, inclusive, detached from bonds numbered 185 and 750, of the denomination of $500 each, $325. Let an order be entered for the payment of these coupons, amounting to $1,925, and disallowing interest thereon.